UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAM SHEDD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 5:24-cv-01127-LCB-HNJ |
| WARDEN STREETER, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a report (Doc. 21) on July 25, 2025, recommending that the court deny petitioner James William Shedd's ("Shedd") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) as untimely filed and dismiss his claims with prejudice. This matter is before the court on a review of Shedd's objections to the report and recommendation. (Doc. 26).

In his objection, Shedd argues the one-year statute of limitations applicable to § 2254 habeas petitions pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") should not apply to his petition because he asserts a "jurisdictional claim." (*See* Doc. 26 at 1-2, 6). Whether Shedd sets forth a jurisdictional claim under Alabama law not barred by the statute of limitations applicable in an Alabama court bears no relevance on whether Shedd's § 2254 habeas petition stands untimely under federal law. *See Jones v. Warden*, 683 F.

App'x 799, 801 (11th Cir. 2017) (per curiam) ("[Petitioner's] argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner."). Shedd's objection on this basis warrants overruling.

Shedd next argues equitable tolling should render his first Rule 32 petition in Alabama state court timely filed. (Doc. 26 at 6-7). Shedd misunderstands the applicability of equitable tolling in federal court. The court must determine whether equitable tolling renders Shedd's habeas petition timely filed despite the failure to comply with AEDPA's one-year statute of limitations. (*See* Doc. 21 at 20). As the Magistrate Judge correctly concluded:

> Shedd became aware of facts which put him on notice his Trial Counsel failed to file his direct appeal in state court no later than August 20, 2018, when the undersigned informed Shedd:
>
>> The electronic state court record for *State of Alabama v. James William Shedd*, 64-CC-2017-000182.00 reflects no appeal or Rule 32 petition having been docketed in either the Alabama Court of Criminal Appeals or the Walker County Circuit Court.
>
> *James Williams Shedd v. Walker County Courthouse*, No. 5:18-cv-01041-RDP-HNJ, ECF 6 at 4 n.5 (N.D. Ala. Aug. 20, 2018). Thereafter, Shedd waited approximately 10 months to mail his Rule 32 Petition to the Circuit Court requesting an out-of-time appeal. (*See* Doc. 12-7 at 9). In addition, on February 9, 2024, the Alabama Supreme Court issued its Certificate of Judgment as to Shedd's mandamus petition seeking an order directing the Circuit Court to act on, or hold in abeyance, his Rule 32 Petition. (Doc. 12-15; Doc. 12-22). Shedd did not file this 2024 § 2254 Petition until August 14, 2024,

2

> more than six months later. (*See* Doc. 1 at 16). Thus, Shedd's petition does not merit equitable tolling. *See Pace*, 544 U.S. at 419 (finding a five-month delay in filing federal habeas petition after state post-conviction proceeding became final coupled with petitioner's failure for years to file a state post-conviction proceeding established a "lack of diligence preclud[ing] equity's operation"); *Lowe v. Fla. Dep't of Corr.*, 679 F. App'x 756, 759 (11th Cir. 2017) (per curiam) (finding equitable tolling not applicable where petitioner did not remain diligent in timely filing his § 2254 petition as he "failed to show that he attempted to inquire about the delay, and he still waited three months after the limitations period began running again…before he filed his § 2254 petition"). *Cf. Holland*, 560 U.S. at 653 ("[T]he *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." (emphasis in original)).

(Doc. 21 at 21-22). As demonstrated by the foregoing, even if Shedd correctly argues the COVID-19 pandemic constitutes an extraordinary circumstance warranting the equitable tolling of the AEDPA statute of limitations (Doc. 26 at 22-23), Shedd failed to diligently pursue his rights by timely seeking the writ of habeas corpus. Thus, equitable tolling does not apply to Shedd's claims, and Shedd's objection on this basis warrants overruling.

Shedd next takes issue with the Magistrate Judge's analysis as to the applicability of the miscarriage of justice/actual innocence exception to AEDPA's one-year statute of limitations. (*See* Doc. 26 at 14-18). The Magistrate Judge correctly analyzed the relevant exception and correctly concluded said exception did not apply to Shedd's habeas petition. (*See* Doc. 21 at 24-28). Shedd's objection lacks merit.

Finally, Shedd argues the merits of his claims.  (*See* Doc. 26).  To the extent Shedd contends the Magistrate Judge should have addressed the merits of his habeas claims, he incorrectly states the law.  In *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), the Eleventh Circuit Court of Appeals exercised its "supervisory power over the district courts" and instructed the district courts "to resolve all claims for relief raised in a petition for writ of habeas corpus."  960 F.2d at 936.  *Clisby* does not require the court to *address the merits* of all Shedd's claims; it requires the court to *resolve* all his claims.  *See id.*  As such, the Magistrate Judge's report sufficiently resolved Shedd's claims by finding equitable tolling and the fundamental miscarriage of justice exception inapplicable, which, upon adoption by the court, would render all of Shedd's claims untimely and not subject to federal habeas review. *See Locascio v. Fla. Dep't of Corr.*, 687 F. App'x 832, 833 (11th Cir. 2017) (per curiam) (finding the district court complied with *Clisby* where the magistrate judge found petitioner failed to exercise due diligence in pursuing collateral relief and the district court later adopted that finding which was "dispositive as to [petitioner's] claim of equitable tolling").

After careful consideration of the record in this case, the Magistrate Judge's report, and Shedd's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Shedd's

§ 2254 habeas petition (Doc. 1) is due to be denied as untimely filed and his claims are due to be dismissed with prejudice.  A final judgment will be entered.

    **DONE** and **ORDERED** this September 19, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE